| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE PORTER SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF PORTER | ) | CAUSE NO. 64D02-2301-PL-000016 |

| | |
|---|---|
| EARTHSTONE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRAVELERS CASUALTY | ) |
| INSURANCE COMPANY | ) |
| OF AMERICA | ) |
| | ) |
|     Defendant. | ) |

## AMENDED COMPLAINT

Comes now Plaintiff, Earthstone, Inc., ("Earthstone"), by undersigned counsel, and submits its Amended Complaint against Travelers Casualty Insurance Company of America ("Travelers") and alleges:

**FIRST COUNT:**

1. Travelers insured Earthstone under a commercial property insurance policy, with the Policy No.: 680-8E637425-20-42 between August 14, 2020 and August 14, 2021. *See Plaintiff's Exhibit 1, Earthstone's Policy*, previously filed with the Complaint)

2. Travelers insured Earthstone under a commercial property insurance policy, with the Policy No.: 680-8E637425-19-42 between August 14, 2019 and August 14, 2020. *See Plaintiff's Exhibit 2, Earthstone's Policy,* previously filed with the Complaint)

1

3. Both policies covered damage to the insured buildings from wind driven hail.

4. Within the last two years from April 4, 2022, the date the action was previously commenced in Connecticut, Earthstone suffered a covered loss from wind driven hail to all of its buildings and other structures, including those located at:

    1601-03-05 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1805-07-09-11 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1710-12-14 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1701-03 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1718-20-22-24 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1802-04 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1602-04-06-08 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1705-07-09-11 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1806-08 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1715-17 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1801-03 EARTHSTONE DRIVE, VALPARAISO, IN 46383
    1719-21 EARTHSTONE DRIVE, VALPARAISO, IN 46383

5. Earthstone reported the loss to Travelers under claim number FRW4257.

6. The amount of covered loss is $676,730.75, replacement cost value, and $541,384.60, actual cash value, or as otherwise determined by the appraisal panel.

7. Travelers has breached their insurance contract with the Plaintiff by failing to fully pay for all covered losses.

8. Plaintiff intends on repairing and/or replacing the damaged property.

WHEREFORE, Earthstone, Inc. seeks the following relief:

1. Monetary damages that are owed for breach of contract after the appraisal process determines the amount of loss;

    2. Consequential damages for breach of contract;

    3. Prejudgment interest;

    4. Such other and further relief as this court deems just and equitable.

**SECOND COUNT:**

    9. Plaintiff reincorporates all prior allegations.

    10. The parties are presently engaged in the appraisal process.

    11. Both policies have the following appraisal provisions:

Appraisal

If we and you disagree on the value of the property, the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of Net Income and operating expense or the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    a. Pay its chosen appraiser; and
    b. Bear the other expenses of the appraisal and umpire equally.

(Ex. 1, p. 39, previously filed with the Complaint).

    12. The parties' appraisers have been unable to reach an agreement on the amount of loss and need this Court to appoint an umpire.

    13. Plaintiff's appraiser, Mark Ricketts, has nominated the following umpires for the Court's suggestion:

      a. Matt Dugan

      b. Jon Linville

14. Pursuant to the above clause, the policy specifically provides that Defendant will permit an umpire appointment by any court in this state; therefore, venue is proper in this court because it is a state court of general jurisdiction.

15. The appraiser for Plaintiff, Mark Ricketts, has notified Plaintiff that the appraisers are unable to reach a resolution on the claim, and that they are unable to agree on an umpire. (Ex. 3, Email).

16. As such, an umpire appointment by this Court is necessary under the appraisal clause in the contract.

17. The appraisal process is a speedy method to resolve claims.

18. Further, the appraisal process allows the parties to separate covered and excluded damage. *See e.g. Carroll v. Statesman* wherein the Indiana Supreme Court upheld an award where the appraisal panel determined the scope of the damage caused by the fire. *Carroll*, 509 N.E.2d 825 (Ind. 1987), *affirming in part, Carroll v. Statesman*, 493 N.E.2d 1289, 1294 (Ind. App. 1986); *Villas at Winding Ridge v. State Farm Fire & Cas. Co.*, 942 F.3d 824 (7th Cir. 2019)(applying Indiana law), supporting an award where the appraisal panel determined the scope of the hail damage to numerous condominium buildings; and *Philadelphia Indem. v. We Pebble Point,* 44 F. Supp 3d 813, 817 (S.D. Ind. 2014)(sending the parties to appraisal and allowing the appraisal panel to separate covered storm damage from excluded wear and tear).

19. The appraisal process in insurance policies has been present for over 100 years and is designed to be an expeditious manner of resolving claims without

discovery or court process. *See e.g. Manchester Fire Assurance Company v. Koerner*, 40 N.E. 1110 (1895)(discussing the appraisal process under similar policy language over 100 years ago); and *Shifrin v. Liberty Mutual Insurance*, 991 F. Supp. 2d 1022, 1038 (S.D. Ind. 2014)(stating that appraisal is a "favored private procedure because it serves as an inexpensive and speedy means of settling disputes.")

20. The Southern District of Indiana has recognized on several occasions that appraisal is a proper remedy that may be invoked by either party. *See e.g. Shifrin v. Liberty Mutual Insurance*, 991 F. Supp. 2d 1022, 1041 (S.D. Ind. 2014)(holding that the insurer did not waive its right to invoke appraisal); *FDL, Inc. v. Cincinnati Ins.* 135 F.3d 503, 504 (7th Cir. 1997)(discussing completion of the appraisal process after suit was filed); and *Philadelphia Indemnity v. We Pebble Point*, 44 F. Supp. 3d 813, 815 (stating that "Indiana Courts have repeatedly affirmed the enforceability of appraisal clauses, which are a common feature of first-party insurance contracts.")

21. The Seventh Circuit has also recognized that appraisal is a useful tool that the parties can utilize to determine the entire claim or even a sub-issue within the claim. *See Windridge of Naperville Condominium Association v. Philadelphia Indemnity Insurance Company*, 932 F.3d 1035, 1037-38(7th Cir. 2019)(upholding a district court's decision to send the issue of the availability of reasonably matching siding and replacement cost to the appraisal panel to determine after a wind loss).

22. The Policy states that an appraisal award is valid if the umpire and an appraiser agree on it. (See appraisal clause, above).

5

23. Speedy adjustment of this claim is extremely important to Plaintiff.

24. Plaintiff also needs the insurance benefits to replace the property damaged by the loss.

25. As such, the claim needs to move forward with a court-appointed umpire.

26. Mr. Ricketts, Plaintiff's appraiser, has advised that the following persons are competent in this area to serve as umpire:

Matt Dugan, Greenfield, IN, 812-350-3044, a property adjuster since 2005;

Jon Linville, Greenwood, IN, 317-517-0245, an independent property adjuster since 2009, and certified insurance umpire;

(See Exhibits 3 and 4).

WHEREFORE Plaintiff requests that the Court nominate either Matt Dugan or Jon Linville as umpire.

**THIRD COUNT:**

27. Plaintiff originally commenced this action in Connecticut and served it on April 4, 2022. (Ex. 7, Marshall Return).

28. Defendant moved to dismiss that action for forum non conveniens.

29. The trial court in Connecticut dismissed that action without prejudice. (Exhibit 5).

30. As part of the dismissal Defendant requested that the action be re-initiated in Indiana. (*See* Ex. 5, highlighted text).

6

31.     Defendant also agreed to provide Plaintiff up to and including January 16, 2023, to refile it. (Ex. 6).

32.     Defendant also agreed that the refiled action in Indiana would be given the benefit of the commencement date of the Connecticut action. (Ex. 6).

33.     In Connecticut the lawsuit is commenced upon service of the action. *See Rocco v. Garrison*, 268 Conn. 541, 549, 848 A.2d 352, 357-58 (2004) (citing *Rocco v. Garrison*, 214 Conn. 464, 475-76, 572 A.2d 357 (1990) (for almost one-half century, terms "commence" and "brought" have been used interchangeably to describe initiation of action)). "We further note that, under the law of our state, 'an action is commenced not when the writ is returned but when it is served upon the defendant.'" Rocco, 268 Conn. at 549, 848 A.2d at 358 (quoting Broderick v. Jackman, 167 Conn. 96, 99, 355 A.2d 234 (1974)); see also Rana v. Ritacco, 236 Conn. 330, 337, 672 A.2d 946 (1996) ("[t]his court has long held that an action is brought once the writ, summons and complaint have been served upon a defendant"); Consolidated Motor Lines, Inc. v. M & M Transportation Co., 128 Conn. 107, 109, 20 A.2d 621 (1941) ("the time when the action is regarded as having been brought is the date of service of the writ upon the defendant").

34.     This lawsuit should be treated as if it were commenced on April 4, 2022.

WHEREFORE Plaintiff seeks a declaratory ruling from the Court that this action should be treated as if it were commenced on April 4, 2022.

7

Respectfully submitted,

 /s/William D. Beyers
William D. Beyers, #28466-49
BUCHANAN & BRUGGENSCHMIDT, P.C.
80 E. Cedar St.
Zionsville, Indiana  46077
Telephone:  (317) 873-8396
Facsimile:  (317) 873-2276
bbeyers@bbinlaw.com

Attorneys for Plaintiff