UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EARTHSTONE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRAVELERS CASUALTY INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) CASE NO.: 2:23-cv-00044-JTM-APR |
| TRAVELERS CASUALTY INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EARTHSTONE, INC., | ) |
| | ) |
| Counterclaim Defendant. | ) |

**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S
COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Counterclaim Plaintiff, Travelers Casualty Insurance Company of America ("Travelers"), by counsel, for its *Counterclaim for Declaratory Judgment* (the "Complaint") against Counterclaim Defendant, Earthstone, Inc.'s ("Earthstone"), states:

## INTRODUCTION AND PARTIES

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining rights between the parties under an insurance contract.

2. Travelers is a Connecticut corporation with its principal place of business in Connecticut; therefore, Travelers is a citizen of Connecticut.

3. Earthstone is an Indiana corporation with its principal place of business in Valparaiso, Indiana; therefore, Earthstone is a citizen of Indiana.

## JURISDICTION

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a)(1), because Travelers and Earthstone are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district, and the property that is the subject of this claim is situated in this judicial district.

## FACTUAL ALLEGATIONS

6. From August 14, 2020, to August 14, 2021, Travelers insured Earthstone's condominium complex in Valparaiso, Indiana under Condominium Pac Policy No. 680-8E637425-20-42 (the "Policy"). ECF No. 5-1 at 2.

7. On July 20, 2021, Earthstone reported a claim to Travelers alleging that on October 12, 2020, its buildings located at and around 1601-1811 Earthstone Drive, Valparaiso, Indiana 46383 (the "Buildings"), were damaged by hail.

8. However, in 2017, Earthstone reported to Travelers that on June 5, 2017, the Buildings were damaged by hail; Travelers issued an actual cash value payment for this prior claim, but Travelers does not believe that Earthstone ever made repairs because Earthstone never requested payment of the withheld replacement cost benefits.

9. For the 2020 claim, Travelers had an independent engineering firm inspect the alleged damages at Earthstone, but the engineers did not find hail damage to the composition shingles or the cedar siding.

10. For the little damage observed, Travelers prepared an estimate totaling $41,145.15 (actual cash value).

11. Because this amount was below Earthstone's deductible, Travelers did not issue payment on the 2020 claim.

12. Earthstone disagreed with Travelers' conclusions, but despite not providing Travelers with any evidence to the contrary about the value of the alleged dispute, Earthstone demanded appraisal under the Policy.

13. The Appraisal provision of Earthstone's Travelers policy states in part:

**2. Appraisal**

If we and you disagree…[on] the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party

> wills elect a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately…the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> **a.** Pay its chosen appraiser;
>
> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> *If there is an appraisal, we still retain our right to deny the claim.*

*See* ECF 5-1 at 39 (Policy) (emphasis added).

14. In response to the appraisal demand, Travelers named an appraiser, but informed Earthstone that the appraisal process would not proceed until Earthstone provided proof that there was a dispute over the value of the loss, including a Proof of Loss.

15. On or about December 28, 2021, Earthstone submitted a replacement cost estimate from contractor All Square Roofing totaling $676,730.75, which calls for, among other things, new roofs on each of the Earthstone buildings, new gutters and gutters guards, and painting the siding on each building.

16. Thereafter, Travelers' appraiser sought to inspect the Earthstone buildings.

17. Nevertheless, on March 31, 2022, Earthstone filed a complaint against Travelers in the Hartford Superior Court, Connecticut alleging a dispute over whether

Earthstone's premises was damaged by wind driven hail, and if so, the scope and the amount of damage (the "Connecticut Complaint"). *See* ECF 1-4 at 130.

18. On October 18, 2022, the Connecticut Superior Court dismissed the Connecticut Complaint without prejudice on the basis of *forum non conveniens*. ECF No. 1-4 at 134-135.

19. On January 2, 2023, Earthstone re-filed its *Complaint* against Travelers in Porter Superior Court, Indiana under Case Number 64D02-2301-PL-000016 (the "State Court Action").

20. On January 3, 2023, Earthstone filed its *Amended Complaint* (the "Indiana Complaint").

21. Travelers' counsel appeared in the Indiana action on February 1, 2023, and just hours later, Earthstone filed a *Motion to Appoint Umpire*. ECF No. 1-7 at 129, 137.

22. Travelers removed the Indiana Complaint to this Court on February 6, 2023. ECF No. 1.

23. Like the Connecticut Complaint, the Indiana Complaint alleges that Travelers breached the Policy "by failing to fully pay for all covered losses". ECF No. 5 at 2.

24. Unlike the Connecticut Complaint, the Indiana Complaint also seeks the appointment of an umpire and a declaration that the action should be treated as if it was commenced on April 4, 2022. *Id.* at 6, 7.

25. Earthstone's *Motion to Appoint Umpire* is premature and should be denied because the difference between Travelers' estimate and Earthstone's estimate amount to a dispute on whether there is coverage for the loss, not a dispute as to the amount of loss.

26. Furthermore, Travelers had previously determined that any alleged damage to the shingles and cedar siding was not covered damage under the Policy.

27. As the Appraisal provision clearly states, the appraisers and the umpire can set the amount of loss, but they do not have the authority to decide questions of coverage.

28. This makes Earthstone's appraisal and umpire requests inappropriate as Earthstone seeks to use the appraisal process to resolve a coverage dispute rather than fulfill the appraisal process' proper role, which is resolving a dispute as to the price of repairs to covered damage.

**DECLARATORY JUDGMENT**

29. An actual controversy of a justiciable nature exists between Travelers and Earthstone over the proper interpretation of the Policy and whether Earthstone's shingles, roofing components, and siding sustained a covered loss on October 12, 2020, especially considering Earthstone previously submitted a claim in 2017 alleging the same damage.

30. Travelers has estimated for all losses and amounts owed under the Policy for the 2020 claim.

31. The alleged losses in Earthstone's estimate for the 2020 claim beyond those identified in Travelers' estimate are not covered under the Policy because those alleged losses either are not the result of a direct physical loss that is covered (or not excluded) by the Policy, or those alleged losses are not the result of a direct physical loss that took place while the Policy was in effect.

32. Coverage disputes, such as this matter, are not appropriate for the appraisal process such that the appraisal process should be halted until the coverage dispute is decided.

WHEREFORE, Travelers requests that this Court enter a judgment for Travelers and against Earthstone declaring:

a. The appraisal process is not appropriate to determine coverage of Earthstone's claim because of the significant coverage dispute.

b. The appraisal process is stayed to allow this Court to resolve coverage defenses and causation disputes.

c. The alleged losses in Earthstone's estimate that are not consistent with Travelers' estimate are not covered under the Policy because those alleged losses either are not the result of a direct physical loss that is covered (or not excluded) by the Policy,

or those alleged losses are not the result of a direct physical loss that took place while the Policy was in effect.

  d.  All other relief proper under the premises.

LEWIS WAGNER, LLP

BY: */s/Eric C. McNamar*
   ERIC C. MCNAMAR, #22467-49
   EDMUND L. ABEL, #36293-49
  *Counsel for Defendant Travelers Casualty Insurance Company of America*

## CERTIFICATE OF SERVICE

On May 15, 2023, a copy of the foregoing was served on the following parties electronically by using the Court's electronic filing system, electronic mail, or U.S. Postal Service, pre-paid delivery for those parties not yet registered:

William D. Beyers
BUCHANAN & BRUGGENSCHMIDT
80 East Cedar Street
Zionsville, IN  46077
bbeyers@bbinlaw.com
*Attorney for Plaintiff*

*/s/Eric C. McNamar*
ERIC C. MCNAMAR

LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN  46201
Telephone:  317-237-0500
Facsimile:  317-630-2790
emcnamar@lewiswagner.com
eabel@lewiswagner.com