UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EARTHSTONE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRAVELERS CASUALTY INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) CASE NO.: 2:23-cv-00044-JTM-APR |
| TRAVELERS CASUALTY INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| EARTHSTONE, INC., | ) |
| | ) |
| Counterclaim Defendant. | ) |

**ANSWER TO TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Comes now Counterclaim Defendant, Earthstone, Inc. ("Earthstone"), by

counsel, and for its Answer to Travelers Casualty Insurance Company of America's

Counterclaim says:

## INTRODUCTION AND PARTIES

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for

the purpose of determining rights between the parties under an insurance contract.

**ANSWER: Deny.**

2.      Travelers is a Connecticut corporation with its principal place of business

in Connecticut; therefore, Travelers is a citizen of Connecticut.

**ANSWER: Admit.**

3.      Earthstone is an Indiana corporation with its principal place of business in

Valparaiso, Indiana; therefore, Earthstone is a citizen of Indiana.

**ANSWER: Admit.**

## JURISDICTION

4.      This Court has subject matter jurisdiction over this case under 28 U.S.C. §

1332(a)(1), because Travelers and Earthstone are citizens of different states, and the

amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER: Deny. There is a pending Motion to Remand filed as Document 18. If the**

**Motion to Remand is denied, Earthstone admits with reservation of the issue for**

**appeal.**

## VENUE

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district, and the property that is the subject of this claim is situated in this judicial district.

**ANSWER: Deny. There is a pending Motion to Remand filed as Document 18. If the Motion to Remand is denied, Earthstone admits with reservation of the issue for appeal.**

## FACTUAL ALLEGATIONS

6.      From August 14, 2020, to August 14, 2021, Travelers insured Earthstone's condominium complex in Valparaiso, Indiana under Condominium Pac Policy No. 680-8E637425-20-42 (the "Policy"). ECF No. 5-1 at 2.

**ANSWER: Admit.**

7.      On July 20, 2021, Earthstone reported a claim to Travelers alleging that on October 12, 2020, its buildings located at and around 1601-1811 Earthstone Drive, Valparaiso, Indiana 46383 (the "Buildings"), were damaged by hail.

**ANSWER: Earthstone admits that the claim was reported to Travelers with a date of October 12, 2020. However, without conducting additional discovery and investigation, including review of Travelers' claim file, Earthstone is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore denies them at this time.**

8.    However, in 2017, Earthstone reported to Travelers that on June 5, 2017, the Buildings were damaged by hail; Travelers issued an actual cash value payment for this prior claim, but Travelers does not believe that Earthstone ever made repairs because Earthstone never requested payment of the withheld replacement cost benefits.

**ANSWER: Without conducting additional discovery and investigation, including review of Travelers' claim file, Earthstone is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore denies them at this time.**

9.    For the 2020 claim, Travelers had an independent engineering firm inspect the alleged damages at Earthstone, but the engineers did not find hail damage to the composition shingles or the cedar siding.

**ANSWER: Deny.**

10.    For the little damage observed, Travelers prepared an estimate totaling $41,145.15 (actual cash value).

**ANSWER: Earthstone admits that Travelers applied coverage to the 2020 claim. Without conducting additional discovery and investigation, including review of Travelers' claim file, Earthstone is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore denies them at this time.**

11.    Because this amount was below Earthstone's deductible, Travelers did not issue payment on the 2020 claim.

**ANSWER: Earthstone admits that Travelers applied coverage to the 2020 claim. Without conducting additional discovery and investigation, including review of Travelers' claim file, Earthstone is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore denies them at this time.**

12.    Earthstone disagreed with Travelers' conclusions, but despite not providing Travelers with any evidence to the contrary about the value of the alleged dispute, Earthstone demanded appraisal under the Policy.

**ANSWER: Earthstone admits that there is a disagreement between the parties that is ripe for appraisal. Earthstone admits that it demanded appraisal. Earthstone admits that Travelers accepted the demand for appraisal. The remainder of this allegation is confusingly worded with double negatives and is denied.**

13.    The Appraisal provision of Earthstone's Travelers policy states in part:

**2. Appraisal**

If we and you disagree…[on] the amount of loss, either may make written demand for an appraisal of the loss.  In this event, each party

wills elect a competent and impartial appraiser.  The two appraisers will select an umpire.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately…the amount of loss.  If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.  Each party will:

**a.**  Pay its chosen appraiser;

**b.**  Bear the other expenses of the appraisal and umpire equally.

*If there is an appraisal, we still retain our right to deny the claim.*

*See* ECF 5-1 at 39 (Policy) (emphasis added).

**ANSWER: Earthstone admits that Travelers and Earthstone agreed to enter into the appraisal process outlined in the policy. Earthstone admits that the policy contains an appraisal clause. Earthstone denies that this is the complete appraisal clause. To the extent that other allegations in this paragraph remain, they are denied.**

14.    In response to the appraisal demand, Travelers named an appraiser, but informed Earthstone that the appraisal process would not proceed until Earthstone provided proof that there was a dispute over the value of the loss, including a Proof of Loss.

**ANSWER: Earthstone admits that Travelers requested a proof of loss. Earthstone admits that Travelers named an appraiser. The remainder of the allegations are denied.**

15.     On or about December 28, 2021, Earthstone submitted a replacement cost

estimate from contractor All Square Roofing totaling $676,730.75, which calls for,

among other things, new roofs on each of the Earthstone buildings, new gutters and

gutters guards, and painting the siding on each building.

> **ANSWER: Earthstone admits that it submitted a proof of loss. The proof of**
>
> **loss speaks for itself. The proof of loss does reflect the amount of $676,730.75;**
>
> **however, it also says "or as determined by appraisal panel." The remainder of**
>
> **the allegations are denied.**

16.     Thereafter, Travelers' appraiser sought to inspect the Earthstone

buildings.

> **ANSWER: This allegation is too vague to be admitted. Accordingly, Earthstone**
>
> **must deny it. Earthstone admits, however, that Travelers inspected the**
>
> **buildings.**

17.     Nevertheless, on March 31, 2022, Earthstone filed a complaint against

Travelers in the Hartford Superior Court, Connecticut alleging a dispute over whether

Earthstone's premises was damaged by wind driven hail, and if so, the scope and the

amount of damage (the "Connecticut Complaint"). *See* ECF 1-4 at 130.

**ANSWER: The Connecticut Complaint speaks for itself. The paragraph is a**

**mischaracterization of the Connecticut Complaint, and therefore it is denied.**

**Earthstone admits the Connecticut Complaint was filed on March 31, 2022.**

18.     On October 18, 2022, the Connecticut Superior Court dismissed the

Connecticut Complaint without prejudice on the basis of *forum non conveniens*. ECF No.

1-4 at 134-135.

**ANSWER: The Connecticut Superior Court order speaks for itself. Earthstone**

**admits the Connecticut Complaint was dismissed without prejudice on**

**October 18, 2022. The remaining allegations are denied.**

19.     On January 2, 2023, Earthstone re-filed its *Complaint* against Travelers in

Porter Superior Court, Indiana under Case Number 64D02-2301-PL-000016 (the "State

Court Action").

**ANSWER: Admit.**

20.     On January 3, 2023, Earthstone filed its *Amended Complaint* (the "Indiana

Complaint").

**ANSWER: Admit.**

21.     Travelers' counsel appeared in the Indiana action on February 1, 2023, and

just hours later, Earthstone filed a *Motion to Appoint Umpire*. ECF No. 1-7 at 129, 137.

**ANSWER: Earthstone admits that Travelers' attorney entered an appearance in**

**the Indiana action on February 1, 2023. Earthstone admits that it moved for**

**appointment of umpire on the same date. Whether it was "hours" later is**

**denied as that phrasing is vague.**

22.    Travelers removed the Indiana Complaint to this Court on February 6,

2023. ECF No. 1.

**ANSWER: Earthstone admits that Travelers filed its Notice of Removal on**

**February 6, 2023; however, it removed the entire action from the Porter County**

**Court. The remainder of the allegations are denied.**

23.    Like the Connecticut Complaint, the Indiana Complaint alleges that

Travelers breached the Policy "by failing to fully pay for all covered losses". ECF No. 5

at 2.

**ANSWER: Earthstone admits that both complaints included allegations of**

**breach of contract and contain the words "by failing to fully pay for all**

**covered losses". To the extent allegations remain, they are denied.**

24.    Unlike the Connecticut Complaint, the Indiana Complaint also seeks the

appointment of an umpire and a declaration that the action should be treated as if it

was commenced on April 4, 2022. *Id.* at 6, 7.

**ANSWER: Earthstone denies. The Connecticut action also sought an**

**appointment of an umpire, which the Connecticut Superior Court declined to**

**rule upon without prejudice because it dismissed that action without**

**prejudice.**

25.    Earthstone's *Motion to Appoint Umpire* is premature and should be denied

because the difference between Travelers' estimate and Earthstone's estimate amount to

a dispute on whether there is coverage for the loss, not a dispute as to the amount of

loss.

**ANSWER: Earthstone denies.**

26.    Furthermore, Travelers had previously determined that any alleged

damage to the shingles and cedar siding was not covered damage under the Policy.

**ANSWER: Earthstone is without knowledge sufficient to admit or deny the**

**allegations in this paragraph and therefore denies the same.**

27.    As the Appraisal provision clearly states, the appraisers and the umpire

can set the amount of loss, but they do not have the authority to decide questions of

coverage.

**ANSWER: The appraisal provision speaks for itself. The allegation that "the**

**Appraisal provision clearly states, 'the appraisers and the umpire can set the amount**

**of loss, but they do not have the authority to decide questions of coverage.'" Is not**

**contained within the words written in the appraisal provision. Accordingly,**

**Earthstone must deny this allegation.**

28.    This makes Earthstone's appraisal and umpire requests inappropriate as Earthstone seeks to use the appraisal process to resolve a coverage dispute rather than fulfill the appraisal process' proper role, which is resolving a dispute as to the price of repairs to covered damage.

**ANSWER: This allegation is vague. Earthstone and Travelers are already engaged in the appraisal process, so it is unclear what Travelers is referring to here. To the extent a response is necessary, the allegation is denied.**

## DECLARATORY JUDGMENT

29.    An actual controversy of a justiciable nature exists between Travelers and Earthstone over the proper interpretation of the Policy and whether Earthstone's shingles, roofing components, and siding sustained a covered loss on October 12, 2020, especially considering Earthstone previously submitted a claim in 2017 alleging the same damage.

**ANSWER: Deny.**

30.    Travelers has estimated for all losses and amounts owed under the Policy for the 2020 claim.

**ANSWER: Earthstone is without sufficient information to admit or deny the allegations in this paragraph. The appraisal process is ongoing. To the extent a response is necessary the allegation is denied.**

31.     The alleged losses in Earthstone's estimate for the 2020 claim beyond those identified in Travelers' estimate are not covered under the Policy because those alleged losses either are not the result of a direct physical loss that is covered (or not excluded) by the Policy, or those alleged losses are not the result of a direct physical loss that took place while the Policy was in effect.

ANSWER: **Earthstone is without sufficient information to admit or deny the allegations in this paragraph. The appraisal process is ongoing. To the extent a response is necessary the allegation is denied.**

32.     Coverage disputes, such as this matter, are not appropriate for the appraisal process such that the appraisal process should be halted until the coverage dispute is decided.

ANSWER: **Earthstone denies that "this matter" is a coverage dispute. Travelers applied coverage. Earthstone admits that the parties are presently engaged in the appraisal process. To the extent that a response is necessary for any allegations remaining in this paragraph, Earthstone denies them.**

### DEFENSES

a.     Travelers may have acted with unclean hands.

b.     Travelers may have waived or may be estopped from asserting coverage defenses.

c.        Travelers' Counterclaim is untimely.

d.        Any allegation not specifically admitted is hereby denied.

Respectfully submitted,

/s/William D. Beyers
William D. Beyers, #28466-49
BUCHANAN & BRUGGENSCHMIDT, P.C.
80 E. Cedar St.
Zionsville, Indiana  46077
Telephone:  (317) 873-8396
Facsimile:  (317) 873-2276
bbeyers@bbinlaw.com

Attorneys for Plaintiff

**FEDERAL CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2023 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record through the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/William D. Beyers