UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EARTHSTONE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:23 CV 44 |
| | ) |
| TRAVELERS CASUALTY | ) |
| INSURANCE COMPANY OF | ) |
| AMERICA, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

In 2022, plaintiff Earthstone, Inc., an Indiana citizen, sued defendant Travelers Casualty Insurance Company of America ("Travelers"), a Connecticut citizen, in Connecticut state court. (DE # 3.) Upon defendant's motion, the Connecticut state court dismissed the action on grounds of forum non conveniens so that the case could be filed in Indiana. (DE # 1 ¶ 3.) In January of 2023, plaintiff filed the same lawsuit in Indiana state court. (*Id.*) In February, defendant removed the case under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000. (DE # 1.)

Plaintiff now moves to remand this case to Indiana state court. (DE # 18.) Plaintiff points to 28 U.S.C. § 1441(b)(2), which prohibits removal of an action when any defendant is a citizen of the state where the action was brought. Plaintiff argues that this case was, is, and always will be a "Connecticut case," despite dismissal by the Connecticut court, and that defendant, a Connecticut citizen, cannot remove this

Connecticut case to federal court. Defendant, on the other hand, argues that the Connecticut case ceased upon dismissal, and that the present case, which was originally filed in Indiana state court, is properly removable because defendant is not an Indiana citizen. As explained below, defendant is correct, and plaintiff's argument fails because plaintiff confuses the concept of forum non conveniens with transfer of venue.

The doctrine of forum non conveniens "involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." *Norwood v. Kirkpatrick,* 349 U.S. 29, 31 (1955). When the suit is brought in a second forum, it is not considered a "renewal or continuance of the former suit," but rather "a new and distinct suit." *Pennsylvania Co. v. Good,* 103 N.E. 672, 673 (Ind. Ct. App. 1913). The second suit is subject to all of the typical procedural obstacles, like the statute of limitations, despite the fact that the case was filed in a different forum at an earlier date. *Id.; Nulogy Corp. v. Menasha Packaging Co., LLC,* 76 F.4th 675, 680 (7th Cir. 2023) (the doctrine of forum non conveniens results in dismissal with the plaintiff unable to refile elsewhere if the statute of limitations has run). This is why, in most cases, courts will decline to grant a motion to dismiss on grounds of forum non conveniens if the statute of limitations may prevent the subsequent suit from succeeding. *See, e.g., Chang v. Baxter Healthcare Corp.,* 599 F.3d 728, 736 (7th Cir. 2010) ("dismissal on grounds of forum non conveniens should be denied unless the defendant

2

agrees to waive the statute of limitations in that forum and the waiver would be enforced there").

By contrast, a transfer of venue involves a continuation of precisely the same case, but in a different forum. Under the federal venue statute, for example, a case can be moved to another federal district court under the proper circumstances. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,* 571 U.S. 49, 60 (2013) (articulating that by creating Section 1404 for changes of venue within the federal system, Congress has replaced the traditional forum non conveniens remedy of outright dismissal with transfer); *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 (1981) (Section 1404 was "designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system."). Notably, "[o]nce transferred, the action retains its procedural identity." *Chrysler Credit Corp. v. Country Chrysler,* Inc., 928 F.2d 1509, 1516 (10th Cir. 1991); *see also* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3846 (1981) (a transferee court takes the case "as is," and proceeds with it). For example, decisions made in the first forum become law of the case in the second forum. *Magnetic Eng'g & Mfg. v. Dings Mfg.,* 178 F.2d 866, 868 (2d Cir.1950) (L. Hand, J.) ("[W]hen an action is transferred, it remains what it was; all further proceedings in it are merely referred to another tribunal, leaving untouched whatever has been already done.").

This case does not involve the simple transfer of a case from one venue to another. This case involves the principle of forum non conveniens. In accordance with that principle, the Connecticut court dismissed plaintiff's case. This dismissal was

3

inherently rife with risk and uncertainty. Plaintiff may not now morph a bona fide dismissal on grounds of forum non conveniens into a mere transfer of venue. The court finds no error in removal, and plaintiff's motion to remand is **DENIED.** (DE # 18.)

**SO ORDERED.**

Date: September 13, 2023

                                    s/James T. Moody
                                    JUDGE JAMES T. MOODY
                                    UNITED STATES DISTRICT COURT